IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DEEP SOUTH VEGETABLES, INC., | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CASE NO.: 7:23-CV-69 |
| | : | |
| J & J PRODUCE, INC. d/b/a | : | |
| J & J FAMILY OF FARMS | : | |
|     Defendant. | : | |
| _____ | : | |

**ORDER**

Presently before the Court is Plaintiff/Counter-Defendant ("Plaintiff"), Deep South Vegetables, Inc., ("Deep South") Unopposed Motion to Appear Telephonically or Via Video Conference at the August 1, 2023, Scheduling Conference. (Doc. 13.) Therein, Plaintiff's Lead Counsel moves to appear telephonically at the August 1, 2023, Scheduling Conference for three reasons. (*Id.*) First, Lead Counsel for Deep South, Steven M. De Falco, resides in Fort Myers, Florida, and having Counsel drive to Albany for an in-person hearing would incur significant travel expenses. (*Id.*) Second, due to a scheduling conflict relating to Lead Counsel's childcare arrangements, Lead Counsel would have to leave no earlier than the morning of August 1, 2023, the hearing to drive to Albany, Georgia for an in-person hearing. (*Id.*) Finally, having Local Counsel, Zachary Cowart, attend the hearing would likewise incur significant legal fees as Local Counsel would need to get up-to-speed with the file before the hearing and Local Counsel resides in Valdosta, Georgia. (*Id.*) For the reasons that follow, Plaintiff's Unopposed Motion to Appear Telephonically at the August 1, 2023, Scheduling Conference (Doc. 13) is **DENIED**.

After extensive review and consideration of the importance and critical role discovery plays in civil litigation, it has long been the Court's practice to require in-person attendance of Lead Counsel at the initial discovery conference except in exceptional circumstance. One such exceptional circumstance was the Court's recent COVID-19 Pandemic Moratorium. Rather than being an unnecessary expense, an in-person meeting with the Court and opposing counsel

at an early stage of proceedings is in fact likely to result in entirely a more efficient and cooperative discovery process favorably and beneficially for the Parties and, thereby, the reduction of overall discovery expenses.

The Parties were noticed that in person attendance is required at the initial discovery conference, in this Court's Rule 16/26 Order. (Doc. 10.) Pursuant to that Order, requests for telephonic conference would be considered upon a "timely written motion in exceptional circumstances only." (Doc. 10.) The captioned case was filed in this district and division notwithstanding Counsel's geographical distance from the Court. Surely this fact was known to all Counsel prior to entering their notice of appearance. Accordingly, no exceptional circumstances have been shown which persuade the Court to depart from its longstanding position, and the Court finds no superior benefit from allowing counsel to attend telephonically for the reasons counsel provides. If Plaintiff's Lead Counsel wishes, Plaintiff's Local Counsel may appear so long as Local Counsel has full authority to bind his client for purposes of the discovery conference and discovery schedule.

Accordingly, the Plaintiff's Unopposed Motion to Appear Telephonically (Doc. 13) is **GRANTED-in-part and DENIED-in-part**. Counsel for both parties shall attend the Initial Scheduling/Discovery Conference in-person.[1] Plaintiff's Local Counsel may appear in person in lieu of Plaintiff's Lead Counsel.

**SO ORDERED**, this 18th day of July, 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes that it freely grants motions for telephonic discovery proceedings following the in-person initial discovery conference.