IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

|  |  |
|---|---|
| DEEP SOUTH VEGETABLES, INC., ) <br> ) <br> Plaintiff/Counterclaim Defendant, ) <br> ) <br> v. ) <br> ) <br> BENSON HILL HOLDINGS, INC., ) <br> ) <br> Defendant/Counterclaim Plaintiff. ) <br> ) | Case No. 7:23-cv-00069-WLS |

## CONSENT PROTECTIVE ORDER

WHEREAS, Plaintiff/Counterclaim Defendant, Deep South Vegetables, Inc. ("Deep South"), and Defendant/Counterclaim Plaintiff Benson Hill Holdings, Inc. ("Benson Hill") are parties to the above-captioned case (the "Action") pending in the United States District Court for the Middle District, Valdosta Division of State of Georgia; and

WHEREAS, Benson Hill was substituted for original Defendant/Counterclaim Plaintiff J&J Produce, Inc. ("J&J") pursuant to Rule 25(c) on the basis of Benson Hill's status as assignee of J&J's claims and defenses in this matter and its obligations as indemnitor;

WHEREAS, J&J was a party to certain agreements with non-party produce growers that included confidentiality provisions, the terms and details of which are likely to be subject to disclosure and discovery in this Action;

WHEREAS, the parties anticipate producing in the Action certain documents and other information that they believe may consist of or contain commercial and financial information, including but not limited to: sensitive financial data, technical information, proprietary or nonpublic commercial information, information involving privacy interests, and other

commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis;

WHEREAS, the parties believe that good cause exists for discovery in the Action to be conducted under a Protective Order pursuant to Federal Rule Civil Procedure 26; and

IT IS HEREBY STIPULATED AND AGREED as follows:

**PART ONE: PURPOSES AND LIMITATIONS**

**1.1**  Disclosures and discovery in this Action are likely to involve production of confidential and discussion of non-public commercial or business information, such as company policies, practices, and procedures; financial and sales information; information obtained by J&J and/or Benson Hill concerning transactions with non-party produce growers; the negotiation and terms and provisions of their agreements; and any information designated by a party to be confidential that is produced solely for this litigation, whether such information is revealed in a document, deposition, interview, interrogatory response, or otherwise.

**1.2**  To protect this information from public disclosure and from use for any purpose other than this litigation, the parties request this Court to enter this Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery. The protection extends only to the limited information or documents that are entitled to confidential treatment under this Order. No information that is in the public domain or which is already known by the receiving party through lawful means, on a non-confidential basis, or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be confidential material under this Order.

**PART TWO: DESIGNATION**

**2.1** **Confidential Designation.** The party receiving the request for documents or information ("Producing Party") may mark as "CONFIDENTIAL" any information, document, or thing, or portion of any document or thing: (1) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (2) that contains private or confidential personal information, or (3) that contains information received in confidence from third parties, or (4) which the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.4. The Producing Party shall affix the "CONFIDENTIAL" legend on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must clearly identify the protected portions by making the appropriate markings in the margin. If the items are produced in electronic format, such as a native file, which precludes the addition of a "CONFIDENTIAL" legend, the Producing Party shall note the confidentiality of the material in a manner to put the party serving the request for documents or information ("Receiving Party") on notice of the designation of the within material as "CONFIDENTIAL."

**2.2** **Exercising Restraint and Care in Designating Material for Protection.** When designating information or items for protection under this Order, the Producing Party must limit any such designation to specific material that qualifies under the appropriate standards. Namely, the Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted and not swept unjustifiably within this Order.

If the Producing Party discovers that information or items designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, it must promptly notify all other parties that it is withdrawing the mistaken designation, and re-produce the information without the previously identified designation.

**2.3    Inadvertent Failures to Designate.** The inadvertent or unintentional disclosure of confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  If timely corrected, the Producing Party's inadvertent or unintentional failure to designate qualified information or items as Confidential does not, standing alone, waive its right to secure protection under this Order for such information or items. If the Producing Party discovers that information or items produced, without a designated protection, but that the information or items produced qualifies for protection, it must, within a reasonable time after discovery, place a designation to the information or items produced.  Upon such corrected designation, the Producing Party will re-produce the information with the proper designation, under the terms of this Order.  If such information or items produced have already been used, and made part of a public record, the Producing Party will take the steps necessary, if it deems appropriate, to request the information be sealed.  If such information or items produced have already been provided to non-parties in the litigation, the Producing Party and the Receiving Party will make a reasonable effort to notify the non-party that the information or items produced have been designated as confidential.

**PART THREE: DISCLOSURES REGARDING NON-PARTIES' CONFIDENTIAL**

**INFORMATION.**

    **3.1**    In the event that Producing Party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the Producing Party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the Producing Party shall:

    **3.1.1**    Promptly notify in writing the Receiving Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

    **3.1.2**    Promptly provide the non-party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    **3.1.3**    Make the information requested available for inspection by the non-party, if requested.

    **3.1.4**    If the non-party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of material it contends should be so protected.

    **3.2**    A non-party which fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information: (1) waives any objection to production of

the information or documents to the Receiving Party; and (2) the Producing Party, the Receiving Party, Deep South, Benson Hill, and J&J, and their respective directors, officers, employees, managers, members, shareholders, parents, subsidiaries, predecessors-in-interest, successors and assigns are released, and forever discharged from all obligations, actions, causes of action, sums of money, covenants, agreements, promises, damages, judgments, claims, and demands whatsoever, whether now known or unknown, foreseen or unforeseen, in law or in equity, which the non-party may have arising out of or in connection with the production of information or documents in this Action which may be subject to confidentiality provisions of any applicable agreements consistent with the terms of this Order.

**PART FOUR: REQUESTING PARTY'S CHALLENGES TO DESIGNATION.**

**4.1    Timing.** A Receiving Party may challenge any information or document a Producing Party designates as confidential consistent with the Court's Scheduling Order. Unless a prompt challenge to the Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, the Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the Producing Party discloses an original designation.

**4.2    Meet and Confer.** The Receiving Party shall initiate the challenge resolution process by emailing a written notice to the attorney for the Producing Party of each designation it challenges and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must confer by telephone or video conference within seven (7) calendar days after the Producing Party receives notice. In conferring, the Receiving Party must explain the basis for its belief that the confidentiality designation is improper and must give the Producing

Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

**4.3** **Judicial Intervention.** If the meet and confer is unsuccessful, or after the 7 calendar days from notice to the Producing Party has lapsed without a response, the Receiving Party may seek judicial intervention. For any dispute before this Court, the Producing Party bears the burden to prove its confidentiality designation until this Court rules on the specific challenge to the material. Unless the Producing Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**PART FIVE: QUALIFIED PERSONS.**

**5.1** Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

**5.1.1** The Receiving Party's outside lead and local counsel in this Action, as well as their employees to whom it is reasonably necessary to disclose the information for this Action;

**5.1.2** The officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

**5.1.3** Experts to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**5.1.4** The court and its personnel;

**5.1.5** Court reporters and their staff;

**5.1.6** Professional jury or trial consultants, mock jurors, and litigation support vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**5.1.7** The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

**5.1.8** During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign Exhibit A, unless otherwise agreed by the Producing Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

**5.1.9** Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**PART SIX: ACCESS TO AND USING PROTECTED MATERIAL**

    **6.1**    **Access.** Each party may disclose information and documents designated as "CONFIDENTIAL" only to the individuals listed in Part 5.1 and to those who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as required.

    **6.2**    **Use.** Each party may use information and documents designated as "CONFIDENTIAL" in connection with this Action only; namely, to pursue its claims, defend against the other party's claims, or attempt to settle this Action.

**6.3** **Use at Depositions.** With respect to any depositions in this Action that involve a disclosure of material designated as "CONFIDENTIAL," the Producing Party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated CONFIDENTIAL, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5.1 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5.1 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as CONFIDENTIAL, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

**6.4** **Offer as Evidence.** If either party intends to file with the Court or offer in evidence at trial or in any other proceedings any information or document marked "CONFIDENTIAL," the party shall either request that this Court for an Order to allow it to submit such document under seal in accordance with Local Rule 5.4, or serve reasonable advance written notice, notice which may be served via email, but in no event fewer than seven calendar days, on the opposing counsel, in order to afford a party the opportunity to bring before the Court the matter of the protection of the confidentiality of such document(s) or such information. The Court will review such information and document to determine, among other things, if the party should submit the information or document under seal. All information and documents marked "CONFIDENTIAL" shall remain and be treated as confidential until the Court has determined whether or not the information or document should be submitted under seal. The party seeking to rely upon the

information and document market "CONFIDENTIAL" is responsible for filing the information and documents under seal.

**PART SEVEN: DURATION**

**7.1** Thirty (30) calendar days from when the Court enters (1) an Order dismissing all claims and defenses in this Action, with or without prejudice, or (2) a final Judgment on the parties' claims and defenses, the parties shall either return the documents, information, or materials marked "CONFIDENTIAL" or destroy such items. After the final termination of this Action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been communicated or disclosed pursuant to the provisions of this Order or any other order of this Court. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. Any such archival copies that contain or constitute confidential remain subject to this Order.

**PART EIGHT: MISCELLANEOUS**

**8.1** Nothing in this Order prejudices either party or an interested non-party from seeking to amend this Order or from seeking any additional court Order to protect information or documents such party or interested non-party deems appropriate for protection.

**8.2** This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT:

**ELLIOTT BLACKBURN, PC**

/s/ James R. Miller
James R. Miller
Georgia Bar No. 159080
3016 North Patterson Street
Valdosta, Georgia 31602
(229) 242-3333
jmiller@elliottblackburn.com

**McCARRON & DIESS**

/s/ Kate Ellis
Kate Ellis (Pro Hac Vice)
Washington, D.C. Bar No. 90007331
4530 Wisconsin Avenue N.W.
Suite 301
Washington, DC 20016
(202) 364-0400
kellis@mccarronlaw.com

Attorneys for Benson Hill Holdings, Inc.

**COWART & PERRY, LLC**

/s/ Zachary R. Cowart
Zachary R. Cowart
Georgia Bar No. 191980
109 W. Adair Street
Valdosta, Georgia 31601
zcowart@cowartandperry.com

**MEUERS LAW FIRM, P.L.**

/s/Steven M. De Falco
Steven M. De Falco (Pro Hac Vice)
Fla. Bar No. 0733571
5395 Park Central Court
Naples, FL 34109
(239) 513-9191
sdefalco@meuerslawfirm.com

Attorneys for Deep South Vegetables, Inc.

SO ORDERED, this 12th day of September, 2023.

**W. LOUIS SANDS, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**